UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HYPER BICYCLES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ACCTEL, LTD. and TAPESH SINHA,<br><br>Defendants. | Case No. 1:22-cv-01601-DLC |
| ACCTEL, LTD.,<br><br>Consolidated Plaintiff,<br><br>v.<br><br>HYPER BICYCLES, INC.,<br><br>Consolidated Defendant. | Case No. 22-cv-3308-DLC |

## CONFIDENTIALITY STIPULATION AND [PROPOSED] PROTECTIVE ORDER

WHEREAS, Hyper Bicycles, Inc. and Acctel, Ltd. (collectively the "Parties" and individually a "Party") having agreed to the terms of this Confidentiality Stipulation and Protective Order (the "Protective Order") to facilitate the production, exchange, and discovery of documents and information in this action (the "Discovery Material"); and the Court having found good cause for issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby:

ORDERED that the following restrictions and procedures shall apply to the information and documents produced by the Parties and/or a non-Party in the pre-trial phase of this action:

1

1. Any Party or non-Party may designate as "Confidential" any Discovery Material, or any portion thereof, produced during the course of discovery in this action, provided that such Party or non-Party reasonably and in good faith determines that the Discovery Material, or portion thereof, constitutes a trade secret, proprietary business information, competitively or financially sensitive information, or other sensitive non-public information the disclosure of which would, in the good faith judgment of the Party designating the material as confidential, be detrimental to the conduct of that Party's business or the business of any of that Party's customers or clients. Discovery Material designated as "Confidential" (the "Confidential Discovery Material") shall not be disclosed to anyone except as permitted hereunder.

2. With respect to Discovery Material other than deposition transcripts and exhibits that have not already been produced, Discovery Material may be designated as "Confidential" only by stamping or otherwise clearly marking as "Confidential" the Discovery Material, or any portion thereof, in a manner that will not interfere with legibility or audibility, at the time the Discovery Material is produced.

3. Deposition transcripts may be designated as "Confidential" only by either (a) indicating on the record during the deposition that a question calls for Confidential information, or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated Confidential and, if the exhibit has not already been produced, producing that exhibit with a "Confidential" designation. During the 30-day period following the conclusion of a deposition, the entire deposition transcript will be treated as if it had been designated Confidential.

4. If at any time prior to the trial of this action, a producing Party or non-Party realizes that some portion(s) of Discovery Material that she, he, or it previously produced should be designated as Confidential, that Party or non-Party may so designate by so apprising all prior

2

Case 1:22-cv-01601-DLC   Document 47   Filed 02/10/23   Page 3 of 9

recipients of the Discovery Material in writing and, in the case of Discovery Material other than deposition transcripts, by re-producing such Discovery Material with the appropriate designation. Thereafter, such designated Discovery Material, or portion thereof, will be deemed to be and treated as Confidential under the terms of this Protective Order.

5. No person subject to this Protective Order other than the producing person shall disclose any Confidential Discovery Material to anyone except to:

(a) the Parties to this action, their insurers, and counsel to their insurers;

(b) counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

(c) outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system;

(d) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(e) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f) any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(g) any person retained by a Party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

3

(h)     stenographers engaged to transcribe depositions conducted in this action; and

(i)     this Court, including any appellate court, and the court reporters and support personnel for the same.

6.     Prior to disclosing any Confidential Discovery Material to any person referred to in subparagraphs 6(d), 6(f) or 6(g) above, the disclosing Party shall provide the recipient with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as Exhibit A hereto stating that that person has read this Protective Order and agrees to be bound by its terms. Counsel for the disclosing Party shall retain each signed Non-Disclosure Agreement and produce it to opposing counsel either prior to such person's testimony (at deposition or trial), where applicable, or at the conclusion of the case upon request by the opposing Party, whichever comes first.

7.     Any Party who objects to any designation of confidentiality may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all Parties will address their dispute to this Court.

8.     Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances) may at any time prior to the trial of this action serve upon counsel for the receiving Party a written notice stating with particularity the grounds for the request. If the Parties cannot reach agreement promptly, counsel for all Parties will address their dispute to this Court.

9.     In the event that a Party is requested to produce Discovery Material that is subject to contractual or other obligations of confidentiality owed to a third party, the Party receiving the Request shall, within 5 business days of receiving the request, inform the third party of the request and that the third party may seek a protective order or other relief from this Court. If neither the third party nor the receiving Party seeks a protective order or other relief from this Court within 21 days

4

of that notice, the receiving Party shall produce the information responsive to the discovery request but may affix the appropriate controlling designation.

10. Recipients of Confidential Discovery Material under this Protective Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and specifically (and by way of example and not limitations) may not use Confidential Discovery Material for any business, commercial, or competitive purpose. Nothing contained in this Protective Order, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this action. Nor does anything contained in this Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to the Federal Rules of Civil Procedure.

11. Nothing in this Protective Order will prevent any person subject to it from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided, however, that the person receiving such a request will provide written notice to the producing person before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the producing person will have the right to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing person deems it appropriate to do so.

12. All persons seeking to file redacted documents or documents under seal with the Court shall follow any applicable rules of the Court in doing so. Any Party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself. If any Party wishes to file a motion which attaches, quotes, or summarizes Confidential Discovery Material, the Confidential Discovery Material should be redacted from the public filing or filed under seal.

13. The terms of this Protective Order apply to each person who has access to Confidential Discovery Material. Each person who has access to Confidential Discovery Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

14. All documents marked Confidential pursuant to this Agreement shall be treated as "Attorney's Eyes' Only" until the entry of the Protective Order by the Court, and not shared by the attorneys with any Parties until such order is entered. Hyper reserves the right to seek modification of this provision in the event that it causes prejudice or unreasonable delay.

15. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential," and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

16. All persons subject to this Protective Order acknowledge that willful violation of this Protective Order could subject them to punishment for contempt of Court. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

17. This Protective Order is effective immediately upon execution by the Parties.

New York, New York
January 10, 2023

*So ordered.*

*/s/ Denise Cote*
1/10/23

**THOMPSON HINE LLP**

By: /s/ Renee Zaytsev
Renee Zaytsev, Esq.
Jamie Caponera, Esq.
335 Madison Avenue, 12th Floor
New York, NY 10017-4611
Telephone: 212-908-3981
Facsimile: 212-344-6101
Renee.Zaytsev@thompsonhine.com
Jamie.Caponera@thompsonhine.com

**GELBER & SANTILLO PLLC**

By: /s/ R. Zachary Gelber
R. Zachary Gelber
Fern Mechlowitz
347 W. 36th Street, Suite 805
New York, New York 10018
Telephone: 212-227-4743
Facsimile: 212-227-7371
zgelber@gelbersantillo.com

*Counsel to Acctel, Ltd.*

6

**ECOFF CAMPAIN TILLES & KAY, LLP**

    Lawrence C. Ecoff, Esq. (*pro hac vice*)
    280 S. Beverly Drive, Suite 504
    Beverly Hills, California 90212
    Telephone: (310) 887-1850
    Facsimile: (310) 887-1855
    ecoff@ecofflaw.com

*Counsel to Hyper Bicycles, Ltd.*

                                        SO ORDERED


                                        _____
                                        HON. DENISE L. COTE
                                        United States District Judge

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HYPER BICYCLES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ACCTEL, LTD. and TAPESH SINHA,<br><br>Defendants. | Case No. 1:22-cv-01601-DLC |
| ACCTEL, LTD.,<br><br>Consolidated Plaintiff,<br><br>v.<br><br>HYPER BICYCLES, INC.,<br><br>Consolidated Defendant. | Case No. 22-cv-3308-DLC |

## NON DISCLOSURE AGREEMENT

I, _____, acknowledge that I have read and understand the Confidentiality Agreement and Protective Order in this action governing the non-disclosure of Discovery Material that has been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone, that I will not use such Confidential Discovery Material for any purpose other than in connection with this litigation, and that at the conclusion of the litigation I will either return all discovery information to the party or attorney from whom I received it, or upon permission of the producing party, destroy such discovery information. By

8

acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____   Signature: _____