# THOMPSON HINE

ATLANTA  CLEVELAND  DAYTON  WASHINGTON, D.C.
CINCINNATI  COLUMBUS  NEW YORK

February 16, 2023

*Denied.*
*Denise Cote*
*2/16/23*

**By ECF**
The Honorable Denise L. Cote
Southern District of New York
500 Pearl Street, Room 1910
New York, New York 10007

    Re: *Hyper Bicycles, Inc. v. Acctel Ltd., et al* and *Acctel, Ltd. v. Hyper Bicycles, Inc.*
        Case Nos. 1:22-cv-01601-DLC, 1:22-cv-03308-DLC

Dear Judge Cote:

    On behalf of Hyper Bicycles, Inc. ("Hyper"), we respectfully request, pursuant to Local Rule 6.3, that the Court reconsider its Order dated February 16, 2023 denying enforcement of Hyper's second request for the production of documents and second set of interrogatories as untimely. (ECF 56).

    The Court's Order states: "Fact discovery was to conclude on January 31 absent the parties' consent to extend it." In fact, the parties did consent to extend this deadline to <u>March 2, 2023</u>. By letter dated January 30, 2023, the parties made a joint request to the Court to extend the deadline to March 2, 2023. (ECF 51). Later that day, the Court entered an Order permitting the extension. (ECF 52). Further, because the parties still need time to complete their productions and take depositions, both parties consent to a *further* extension of the discovery deadline.[1] Accordingly, the Court's February 16 Order overlooked that the Requests were timely served one month prior to the current discovery deadline of March 2, 2023—a deadline that the parties agree should be extended further.

    The February 16 Order further states that Acctel "oppose[s] the February 1 requests as untimely." However, Acctel does *not* argue that the Requests were served after the current discovery cutoff date—nor can it because that date has not passed. Instead, Acctel's argument is that the parties previously agreed to exchange initial requests by November 29, 2022, and that any supplemental requests are barred. Acctel's position is meritless. The Requests were timely served one month before the current discovery cutoff—a deadline the parties agree should be further extended. Further, there is no prejudice to Acctel as the parties have not yet completed their productions or taken depositions. Additionally, the disputed Requests (i) seek additional information about documents that Acctel produced in January 2023 (e.g., documents to identify the non-cash assets identified on Acctel's financial statements), and/or (ii) merely identify with more specificity documents that were already sought in Hyper's initial set of requests (e.g., to expressly request information about Acctel's affiliates, even though the first set of requests defined Acctel to include its affiliates).

    In light of this clarification, Hyper respectfully requests that the Court vacate its denial of Hyper's February 14, 2023 letter motion and schedule an informal conference to resolve the dispute over Hyper's timely Requests.

---

[1] The length of the requested extension will depend on how the Court resolves the dispute over Hyper's second set of requests.

THOMPSON HINE LLP　　　335 Madison Avenue　　　www.ThompsonHine.com
ATTORNEYS AT LAW　　　12th Floor　　　O: 212.344.5680
　　　New York, New York 10017-4611　　　F: 212.344.6101

THOMPSON HINE

Respectfully Submitted,

Renee Zaytsev