

# GELBER + SANTILLO

Granted.
*[signature]* March 30, 2023
3/31/23

**VIA ECF**
The Honorable Denise L. Cote
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

    Re:    *Hyper Bicycles, Inc. v. Acctel*, 22-cv-1601; *Acctel v. Hyper Bicycles*, 22-cv-3308

Dear Judge Cote,

    On behalf of Acctel Ltd. ("Acctel"), we file this letter in response to Hyper Bicycles Inc.'s ("Hyper") motion to file under seal the deposition transcript of Tapesh Sinha, the founder and CEO of Acctel. Dkt. No. 62.

    On March 24, 2023, Hyper Bicycles Inc. ("Hyper"), filed a letter motion requesting a discovery conference regarding the deposition of Mr. Sinha [Dkt 65], and attached Mr. Sinha's deposition transcript, containing confidential information, as an exhibit to that motion. In connection therewith, Hyper filed a motion to seal that document [Dkt 62], pursuant to the protective order entered by the Court [Dkt 47], that makes all deposition transcripts confidential for 30 days to protect confidential information. Hyper made clear in its sealing motion that it takes no position on whether Mr. Sinha's deposition transcript is confidential. Acctel submits that certain limited portions of Mr. Sinha's deposition transcript—testimony regarding Acctel's financial statements, bank account statements, history with lenders, lines of credit with specific banks, and relationships with its suppliers, which we have highlighted in the attached transcript—should be maintained under seal and treated as confidential. In a highly competitive business, this information is all commercially sensitive and would be harmful if made generally available to the public. *See Awestruck Mktg. Grp., LLC v. Black Ops Prods., LLC*, No. 16-CV-3639 (RJS), 2016 WL 8814349, at *2 (S.D.N.Y. June 20, 2016) (granting permission to seal client list which "contains sensitive and proprietary information that is not generally publicly available and that, if revealed, could cause significant competitive harm to Plaintiff.").

    Courts in this Circuit engage in a three-step inquiry to determine whether the presumptive right to public access attaches to a particular document. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). First, a court determines whether the document is a "judicial document," meaning that "the item filed must be relevant to the performance of the judicial function and useful in the judicial process." *Id.* at 119. Second, the court must "determine the weight of the presumption of access" attaching to the particular document. *United States v. Erie Cty.*, 763 F.3d 235, 239 (2d Cir. 2014). Third, "after determining the weight of the presumption of access, the court must 'balance competing considerations against it," such as "the privacy interests of those resisting disclosure." *Lugosch*, 435 F.3d at 120.

The Honorable Denise L. Cote
March 30, 2023                                                                                                  Page 2

      Here, consideration of these three factors weigh in favor of sealing. First, the exhibits are being filed in connection with a discovery dispute, therefore they are judicial documents because Acctel and Hyper intend for the Court to take them into account when deciding the motion.

      As to the second factor, "the presumption of public access in filings submitted in connection with discovery disputes ... is generally somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions such as motions for dismissal or summary judgment." *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019); *see also In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No. 14-MC-2542 (VSB), 2023 WL 196134, at *3 (S.D.N.Y. Jan. 17, 2023) ("the presumption of access has only 'modest' weight where the document is submitted in connection with discovery motions"). Further, as a small privately-owned foreign business, whose principals are non-public figures, the interest of the public in the information is not significant. *See United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) ("Financial records of a wholly owned business ... will weigh more heavily against access than conduct affecting a substantial portion of the public."). What's more, this is also a highly unnecessary discovery dispute (that Acctel offered to resolve despite the fact that the information sought is outside the scope of Court-ordered discovery), which should not have been brought before the Court. All these factors make the presumption of public access weak.

      By comparison, the competing considerations of Acctel are weighty. While most of the transcript will be public, in any case, as explained above, certain limited portions of Mr. Sinha's deposition transcript reveal commercially sensitive financial information, including detailed discussions of Acctel's non-public financial statements; transactions reflected in Acctel's bank statements; Acctel's relationships with its lenders; and Acctel's relationships with its suppliers, all of which would be commercially harmful if disclosed to competitors. This is the type of information that courts usually seal because it would provide Acctel's competitors with a distinct an advantage were it to become public. *See Awestruck*, 2016 WL 8814349, at *2; *O'Connor-Roche v. RBC Cap. Markets, LLC*, No. 22 CIV. 1467 (LLS), 2022 WL 769329, at *1 (S.D.N.Y. Mar. 14, 2022) (granting motion to seal portions of documents that reveal financial information that could cause commercial harm); *Graczyk v. Verizon Commc'ns, Inc.*, No. 18 CIV. 6465 (PGG), 2020 WL 1435031, at *9 (S.D.N.Y. Mar. 24, 2020). In addition, Acctel took steps to maintain the confidentiality of these documents by not sharing them with opposing counsel without first obtaining a protective order.

      For these reasons, we ask the Court to continue to seal the limited portions of Mr. Sinha's deposition transcript highlighted as per the attached copy. We thank the Court for its consideration of this request.

                                                           Respectfully submitted,

                                                           /s/ Fern Mechlowitz

                                                           Fern Mechlowitz