
# GELBER + SANTILLO

August 11, 2023

**VIA ECF**
The Honorable Denise L. Cote
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

*Granted.*
*Denise Cote*
*8/15/23*

Re: *Hyper Bicycles, Inc. v. Acctel*, 22-cv-1601; *Acctel v. Hyper Bicycles*, 22-cv-3308

Dear Judge Cote,

On behalf of Acctel Ltd. ("Acctel"), today we are filing Acctel's Reply Memorandum of Law in Further Support of its Cross-Motion for Summary Judgment, together with a Second Declaration of Tapesh Sinha, a Declaration of Fern Mechlowitz, and two new additional exhibits (Exhibit EEE and FFF) in reply.

### A. Request for Oral Argument

Pursuant to Section 4(F) of the Court's Individual Practices in Civil Cases, we request oral argument on Acctel's Cross-Motion for Summary Judgment and Hyper's Motion for Summary Judgment, both of which relate to the question of duress.

### B. Request for Sealing

We also write to request that the Court to maintain under seal Exhibits EEE and FFF, which are translations of Acctel's detailed bank statements from September and October 2021. Acctel previously filed these exhibits as Exhibits O and R to the Declaration of Tapesh Sinha, dated June 5, 2023. Because Exhibits O and R contained some limited text in Mandarin, out of an abundance of caution, Acctel had certified translations of these exhibits prepared and those translations are reflected in Exhibits EEE and FFF. This Court previously granted Acctel's request that Exhibits O and R be sealed; for the same reasons, Acctel asks that Exhibits EEE and FFF be sealed. *See* ECF 90, 104.

In addition, Acctel requests that certain portions of Tapesh Sinha's Second Declaration, dated August 10, 2023 be maintained under seal. The limited portions of his Declaration that are redacted relate to a confidential settlement that Acctel reached with TPT in 2020 to resolve Acctel's trade obligation to TPT.

Courts in this Circuit engage in a three-step inquiry to determine whether the presumptive right to public access attaches to a particular document. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). First, a court determines whether the document is a "judicial

The Honorable Denise L. Cote
August 11, 2023 Page 2

document," meaning that "the item filed must be relevant to the performance of the judicial function and useful in the judicial process." *Id.* at 119. Second, the court must "determine the weight of the presumption of access" attaching to the particular document. *United States v. Erie Cty.*, 763 F.3d 235, 239 (2d Cir. 2014). Third, "after determining the weight of the presumption of access, the court must 'balance competing considerations against it," such as "the privacy interests of those resisting disclosure." *Lugosch*, 435 F.3d at 120.

Here, consideration of these three factors weigh in favor of sealing. First, the exhibits and information are being filed in connection with a motion for summary judgment, therefore they are judicial documents because Acctel intends for the Court to take them into account when deciding the motion.

As to the second factor, "the presumption of public access," there is a presumption of public access here because these documents are being filed in connection with a motion for summary judgment. However, as a small privately-owned foreign business, whose principals are non-public figures, the interest of the public in the information is not significant. *See United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) ("Financial records of a wholly owned business … will weigh more heavily against access than conduct affecting a substantial portion of the public."). This factor makes the presumption of public access weaker than it would be otherwise.

Moreover, the competing considerations of Acctel are weighty. While many of the exhibits filed in connection with this motion are public, Acctel's bank statements and its confidential resolution with a trade partner reveal commercially sensitive financial information which would be commercially harmful if disclosed to competitors. This is the type of information that courts usually seal because it would provide Acctel's competitors with a distinct advantage were it to become public. *See Awestruck Mktg. Grp., LLC v. Black Ops Prods., LLC*, No. 16-CV-3639 (RJS), 2016 WL 8814349, at *2 (S.D.N.Y. June 20, 2016); *O'Connor-Roche v. RBC Cap. Markets, LLC*, No. 22 CIV. 1467 (LLS), 2022 WL 769329, at *1 (S.D.N.Y. Mar. 14, 2022) (granting motion to seal portions of documents that reveal financial information that could cause commercial harm); *Graczyk v. Verizon Commc'ns, Inc.*, No. 18 CIV. 6465 (PGG), 2020 WL 1435031, at *9 (S.D.N.Y. Mar. 24, 2020). "[C]ourts in this District routinely permit parties to seal or redact commercially sensitive information" such as this, "in order to protect confidential business interests and financial information." *Int'l Code Council, Inc. v. UpCodes, Inc.*, No. 17-CV-06261 (VM)(VF), 2023 WL 2975150, at *1 (S.D.N.Y. Mar. 3, 2023). Finally, Acctel took steps to maintain the confidentiality of the information by not sharing it with opposing counsel without first obtaining a protective order.

\* \* \*

For these reasons, we ask the Court to maintain under seal Exhibits EEE and FFF and the information relating to Acctel's confidential settlement with TPT. In addition, Acctel has redacted information from its Reply Memorandum of Law which the Court had previously authorized could be filed under seal. *See* ECF 104, 113.

The Honorable Denise L. Cote  
August 11, 2023

Page 3

We thank the Court for its consideration of this request.

                              Respectfully submitted,

                              /s/ Fern Mechlowitz

                              Fern Mechlowitz

Case 1:22-cv-01601-DLC   Document 134   Filed 08/11/23   Page 3 of 3

The Honorable Denise L. Cote  
August 11, 2023

Page 3